# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

**No. 01-30566**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DAMION S. LYONS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(00-CR-150-ALL-N)**

_____

January 8, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Having entered a conditional guilty plea to possession of, with intent to distribute, cocaine, Damion S. Lyons appeals the district court's denial of his motion to suppress his confession and other evidence obtained by law enforcement officers during his apprehension and arrest. He contends that the district court erred in crediting the testimony of the law enforcement officers and, therefore, that its factual findings were clearly erroneous.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the district court's factual findings rested on its credibility assessment of Lyons and the law enforcement officers, its factual findings are accorded "special deference".  *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574-75 (1985); *United States v. Castro*, 166 F.3d 728, 731 (5th Cir.)(en banc), *cert. denied*, 528 U.S. 827 (1999).  Lyons must demonstrate that the officers' version of the events was incoherent or facially implausible, contradicted by extrinsic evidence, or internally inconsistent.  *See United States v. Gillyard*, 261 F.3d 506, 509 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 841 (2002).  Although Lyons attempts to discredit the officers' account of the events, he falls short of satisfying the *highly deferential* standard of review applicable to the district court's findings.

*AFFIRMED*